UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) ) | | MDL No. 22-3023 |
| EYE INJURY PRODUCTS  ) | | |
| LIABILITY LITIGATION  ) | | SECTION: "H" (5) |
|  ) | | |
| This document relates to all cases  ) | | |

## ORDER

Before the Court is a Motion to Dismiss for Failure to State a Claim (Doc. 41) filed by the 505(b)(2) Defendants. Oral argument was held on October 5, 2022. Having considered the parties' supporting and opposing arguments, the Motion is **DENIED IN PART** and **GRANTED IN PART**.

The Motion is **DENIED** with respect to Counts I (Strict Products Liability Failure to Warn) and II (Negligence).

For the following reasons, the Motion is **GRANTED** with respect to Counts III (Negligent Misrepresentation), IV (Fraudulent Misrepresentation), and V (Fraudulent Concealment).

The Master Complaint asserts claims for negligent misrepresentation, fraudulent misrepresentation, and fraudulent concealment. These claims are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, which requires that a plaintiff "state with particularity the circumstances constituting the fraud."[1] To satisfy Rule 9(b), a complaint must set forth "the particulars of time, place, and contents of the false representations, as well as

---

[1] "Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, this court has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims." Benchmark Electronics, Inc. v. J.M. Huber Corp., 343 F.3d 719, 723 (5th Cir. 2003); Williams v. WMX Techs., Inc., 112 F.3d 175, 179 (5th Cir. 1997). Such is the case here, as Plaintiffs base their negligent misrepresentation claims on the same set of operative facts as their fraudulent misrepresentation claims. Moreover, Plaintiffs do not dispute that Rule 9(b) applies to their negligent misrepresentation claims in this case.

the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the who, what, when, where, and how of the alleged fraud."[2] The particularity requirement, however, "only extends to the particulars of the allegedly misleading statement itself."[3] "Malice, intent, knowledge, and other condition of mind of a person may be averred generally."[4]

Defendants move to dismiss Plaintiffs' fraud-based claims for failure to comply with Rule 9(b)'s heightened pleading requirements. Specifically, they insist that Plaintiffs supply no factual basis for the alleged fraud and assert only general allegations that Defendants made "material and false" representations about docetaxel. This Court agrees. As pled, Plaintiffs' fraud-based claims fall short of what Rule 9(b) requires.

Plaintiffs allege generally that "[w]hen warning of safety and risks of [docetaxel], Defendants negligently represented to Plaintiffs, their healthcare providers, the healthcare community, and the public in general that [docetaxel] had been tested and was found to be safe and/or effective for its indicated use" and that "Defendants negligently misrepresented [docetaxel]'s high risks of unreasonable, dangerous side effects."[5] Plaintiffs further aver that through its labeling information, each Defendant misrepresented the true risk of harm by fraudulently concealing, intentionally omitting, and failing to fully inform patients and their oncologists of material information regarding

> (1) the rapid onset at which stenosis can occur, (2) the potentially irreversible nature of the injury, (3) the need to immediately refer patients to a lacrimal specialist and (4) that the condition is highly preventable with timely intervention during chemotherapy.[6]

---

[2] U.S. *ex rel.* Willard v. Humana Health Plan of Tex., Inc., 336 F.3d 375, 384 (5th Cir. 2003).
[3] Rodi v. S. N.E. Sch. of Law, 389 F.3d 5, 15 (1st Cir. 2004).
[4] FED. R. CIV. PROC. 9(b).
[5] Doc. 26 at 36–37.
[6] *Id.* at 38, 41.

The Court finds that these allegations merely restate failure to warn claims and affix words like "negligently," "fraudulently," and "intentionally" in reciting the legal prerequisites for misrepresentation and concealment claims.[7] Accordingly, this Court concludes that the Master Complaint does not allege sufficient facts to "nudge" the fraud-based claims "across the line from conceivable to plausible."[8]

**IT IS ORDERED** that Plaintiffs shall have twenty (20) days to file a motion for **LEAVE TO AMEND** the Master Complaint as to the negligent misrepresentation, fraudulent misrepresentation, and fraudulent concealment claims.

New Orleans, Louisiana this 5th day of December, 2022.

_____
**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[7] *See, e.g.,* Doc. 26 at 42 ("Each Defendants' concealment and omissions of material fact concerning the safety of [docetaxel] were made purposefully, willfully, wantonly, and/or recklessly to mislead Plaintiffs and their healthcare providers into reliance on the continued use of the drugs and to cause them to purchase, prescribe, and/or dispense [docetaxel] and/or use it.").

[8] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).