UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) EYE INJURY PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL No. 22-3023 SECTION: "H" (5) |
| This document relates to all cases | ) | |

# ORDER

Before the Court is a Motion to Dismiss for Failure to State a Claim (Doc. 43) filed by Defendants Sanofi US Services Inc. and sanofi-aventis U.S. LLC. Oral argument was held on October 5, 2022. Having considered the parties' supporting and opposing arguments, the Motion is **DENIED IN PART** and **GRANTED IN PART**.

The Motion is **DENIED** with respect to Counts I (Strict Products Liability Failure to Warn) and II (Negligence).

For the following reasons, the Motion is **GRANTED** with respect to Counts III (Negligent Misrepresentation), IV (Fraudulent Misrepresentation), and V (Fraudulent Concealment).

The Master Complaint asserts claims for negligent misrepresentation, fraudulent misrepresentation, and fraudulent concealment. These claims are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, which requires that a plaintiff "state with particularity the circumstances constituting the fraud."[1] To satisfy Rule 9(b), a complaint must set forth "the

---

[1] "Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, this court has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims." Benchmark Electronics, Inc. v. J.M. Huber Corp., 343 F.3d 719, 723 (5th Cir. 2003); Williams v. WMX Techs., Inc., 112 F.3d 175, 179 (5th Cir. 1997). Such is the case here, as Plaintiffs base their negligent misrepresentation claims on the same set of operative facts as their fraudulent misrepresentation claims. Moreover, Plaintiffs do not dispute that Rule 9(b) applies to their negligent misrepresentation claims in this case.

1

particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the who, what, when, where, and how of the alleged fraud."[2] The particularity requirement, however, "only extends to the particulars of the allegedly misleading statement itself."[3] "Malice, intent, knowledge, and other condition of mind of a person may be averred generally."[4]

Sanofi moves to dismiss Plaintiffs' fraud-based claims for failure to comply with Rule 9(b)'s heightened pleading requirements. Specifically, Sanofi insists that Plaintiffs supply no factual basis for the alleged fraud and assert only general allegations that Sanofi made "material and false" representations about Taxotere. This Court agrees. As pled, Plaintiffs' fraud-based claims fall short of what Rule 9(b) requires.

Plaintiffs allege generally that "[w]hen warning of safety and risks of Taxotere, Sanofi negligently represented to Plaintiffs, their healthcare providers, the healthcare community, and the public in general that Taxotere had been tested and was found to be safe and effective for its indicated use."[5] They further aver that through representations made in its labeling information,

> Sanofi fraudulently concealed and intentionally omitted the following information: (1) the rapid onset at which stenosis can occur, (2) the potentially irreversible nature of the injury, (3) the need to immediately refer patients to a lacrimal specialist and (4) that the condition is highly preventable with timely intervention during chemotherapy.[6]

---

[2] U.S. *ex rel.* Willard v. Humana Health Plan of Tex., Inc., 336 F.3d 375, 384 (5th Cir. 2003).
[3] Rodi v. S. N.E. Sch. of Law, 389 F.3d 5, 15 (1st Cir. 2004).
[4] FED. R. CIV. PROC. 9(b).
[5] Doc. 25 at 26.
[6] *Id.* at 30.

The Court finds that these allegations merely restate failure to warn claims and affix words like "negligently," "fraudulently," and "intentionally" in reciting the legal prerequisites for misrepresentation and concealment claims.[7] Accordingly, this Court concludes that the Master Complaint does not allege sufficient facts to "nudge" the fraud-based claims "across the line from conceivable to plausible."[8]

    **IT IS ORDERED** that Plaintiffs shall have twenty (20) days to file a motion for **LEAVE TO AMEND** the Master Complaint as to the negligent misrepresentation, fraudulent misrepresentation, and fraudulent concealment claims.

    New Orleans, Louisiana this 5th day of December, 2022.

_____
**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[7] *See, e.g.,* Doc. 25 at 30 ("Sanofi's concealment and omissions of material fact concerning the safety of Taxotere were made purposefully, willfully, wantonly, and/or recklessly to mislead Plaintiffs and their healthcare providers into reliance on the continued use of the drugs and to cause them to purchase, prescribe, and/or dispense Taxotere and/or use it.")
[8] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).