## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | MDL No. 3023 |
| EYE INJURY | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION: "H" (5) |
| **This document relates to:** | ) | |
| Summer Prohaska, No. 2:23-cv-00683 | ) | |

## ORDER AND REASONS

Before the Court is the Motion to Dismiss Plaintiff Summer Prohaska's Complaint for Untimely Service of Process filed by Defendant Accord Healthcare, Inc. (Rec. Doc. 250). For the reasons set forth herein, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel, that Plaintiffs were administered for the treatment of cancer.[1] Among these companies is Defendant Accord Healthcare, Inc. ("Accord"). Plaintiffs allege that Taxotere or docetaxel caused them to sustain injuries to their lacrimal systems, including punctal, canalicular, and nasolacrimal duct stenosis, which resulted in excessive tearing, otherwise known as epiphora. Plaintiffs have asserted causes of action against Defendants including strict products liability failure to warn and negligence.

---

[1] Docetaxel is the generic version of Taxotere, although the Court uses the term "generic" loosely.

On May 18, 2022, this Court issued Case Management Order No. 4 ("CMO 4") governing streamlined service on Accord. CMO 4 outlines the procedure for informal service of process on Accord via email and provides that any plaintiff "whose case has not yet been docketed in the MDL shall have ninety (90) days from the date the case is docketed in the MDL to serve the Complaint or Short Form Complaint with a Summons."[2]

On February 24, 2023, Plaintiff Prohaska filed her Short Form Complaint naming Accord as the sole defendant. A little more than a year after filing her Complaint, on March 4, 2024, Plaintiff Prohaska served Accord with her Complaint.

Pursuant to Case Management Order No. 16, the parties submitted their case selections for inclusion in the bellwether pool. Plaintiffs' selections included Plaintiff Prohaska's case. Defendants objected to Plaintiff Prohaska's inclusion on the basis that Plaintiff Prohaska's Complaint was improperly served. On March 13, 2024, Accord filed the instant Motion to Dismiss Plaintiff Prohaska's Complaint for Untimely Service of Process.[3] Plaintiff Prohaska opposes.[4] On March 15, 2024, after the parties requested that the Court assist in resolving several bellwether selection disputes, including the dispute related to Plaintiff Prohaska, the Court issued a Letter concluding that Plaintiff Prohaska qualified for the bellwether pool.[5] The Court now addresses Accord's Motion to Dismiss.

---

[2] Rec. Doc. 29.
[3] Rec. Doc. 250.
[4] *Id.*
[5] Rec. Doc. 253.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."[6] When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[7] Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) permits the Court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 90 days of filing the complaint.[8]

"If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service."[9] The "good cause" standard has been described as requiring "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[10] "In addition, courts normally require 'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified . . . .'"[11] "Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service."[12] "A discretionary

---

[6] Matherne v. La. through Dep't of Children and Family Servs., No. 18–3396, 2020 WL 491225, at *1 (E.D. La. Jan. 30, 2020) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 1998)).

[7] Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981).

[8] See FED. R. CIV. P. 4(m).

[9] Millan v. USAA Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008) (citing Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)).

[10] Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985) (emphasis removed).

[11] Gartin v. Par Pharm. Companies, Inc., 289 F. App'x 688, 692 (5th Cir. 2008) (citing Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995)).

[12] Millan, 546 F.3d at 325 (citing Thompson, 91 F.3d at 21).

extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"[13] The Fifth Circuit has also held, however, that the "inability to refile suit does not bar dismissal."[14]

Nevertheless, if the Court declines to extend the time for service and instead dismisses the suit *without* prejudice for failure to comply with Rule 4(m), the Fifth Circuit requires that the dismissal be treated as a dismissal *with* prejudice if the claims would be time-barred by the statute of limitations upon refiling.[15] A dismissal with prejudice is only warranted if there is a "clear record of delay or contumacious conduct by the plaintiff," and "lesser sanctions would not serve the best interest of justice."[16] Additionally, where the Fifth Circuit "has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"[17]

## LAW AND ANALYSIS

Defendants argue that Plaintiff Prohaska cannot demonstrate good cause for her failure to effect timely service or her clear record of delay, particularly given the Court's implementation of a streamlined service process. Plaintiff Prohaska does not attempt to show good cause.[18] Rather, Plaintiff Prohaska responds that (1) the issue is moot because Accord was ultimately served (and has suffered no harm from the delay in service of her Complaint)

---

[13] *Id.* (quoting FED. R. CIV. P. 4(m) advisory committee's note (1993)).
[14] Newby v. Enron Corp., 284 Fed. App'x 146, 150 (5th Cir. 2008).
[15] *See Millan*, 546 F.3d at 325–26.
[16] Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006).
[17] *Millan*, 546 F.3d at 326 (quoting Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986)).
[18] No party raises the issue of whether Plaintiff Prohaska's claims would be time-barred by the relevant statute of limitations.

and (2) the Court already considered the issue in determining that Plaintiff Prohaska was eligible for bellwether selection.[19]

As discussed, this Court has the discretionary power under Rule 4(m) to extend the time for service even if good cause is lacking.[20] Here, Plaintiff Prohaska contends that she did not initially realize her error and, on July 14, 2023, she served her Plaintiff Fact Sheet, including evidence of product identification identifying Accord as a defendant, pursuant to Case Management Order No. 14. Thus, Accord was apparently at least on notice of Plaintiff's Prohaska's suit as of that date. Plaintiff Prohaska also states that as soon as she realized her error, she immediately served Accord in the manner set forth in CMO 4. Accordingly, the Court finds that an extension of the time for service is warranted.

## CONCLUSION

For the foregoing reasons, Accord's Motion to Dismiss is **DENIED**.

New Orleans, Louisiana, this 8th day of July, 2024.

_____
**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[19] In the March 15, 2024 Letter to the parties, the Court addressed whether Plaintiff Prohaska should be disqualified from the bellwether pool in light of the parties' agreement that proper service be included in the eligibility criteria for the bellwether pool. Rec. Doc. 253. Notably, Plaintiffs stated that Defendants advised that "Plaintiffs would simply need to serve the Defendant(s) to resolve the deficiency that prohibited their inclusion in the bellwether pool." *Id.*
[20] *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21); Pablovich v. Rooms to Go La. Corp., No. 20–617, 2020 WL 4504420, at *3 (E.D. La. Aug. 5, 2020).