UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: TAXOTERE (DOCETAXEL)**          ) | **MDL No. 3023** |
| **EYE INJURY**          ) | |
| **PRODUCTS LIABILITY LITIGATION**          ) | |
|          ) | **SECTION: "H" (5)** |
| **This document relates to:**          ) | |
| Sharon Poole, No. 2:22-cv-04713          ) | |
| Catherine Leathers, No. 2:23-cv-02475          ) | |
| Candace Robinson, No. 2:23-cv-00647          ) | |
|          ) | |

## ORDER AND REASONS

Before the Court is the Motion to Dismiss the Complaints of Plaintiffs Sharon Poole, Catherine Leathers, and Candace Robinson for Lack of Service of Process filed by Defendant Accord Healthcare, Inc. (Rec. Doc. 272). For the reasons set forth herein, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel, that Plaintiffs were administered for the treatment of cancer.[1] Among these companies is Defendant Accord Healthcare, Inc. ("Accord"). Plaintiffs allege that Taxotere or docetaxel caused

---

[1] Docetaxel is the generic version of Taxotere, although the Court uses the term "generic" loosely.

them to sustain injuries to their lacrimal systems, including punctal, canalicular, and/or nasolacrimal duct stenosis, which resulted in excessive tearing, otherwise known as epiphora.

On April 18, 2022, this Court issued Case Management Order No. 4, in which the parties agreed to implement a streamlined process whereby Plaintiffs may effect service on Accord via email within 90 days from the date the case is docketed in the MDL, consistent with Federal Rule of Civil Procedure 4.[2] The Order further provides that any plaintiff who fails to serve a complaint within the 90-day time period "will be subject to the standards governing Fed. R. Civ. P. 4(m)."[3]

Plaintiffs Sharon Poole, Catherine Leathers, and Candace Robinson (hereinafter "Plaintiffs") filed their Complaints on November 30, 2022; July 12, 2023; and February 22, 2023, respectively.[4] After Plaintiffs failed to serve Accord within 90 days of the filing of their Complaints, Accord filed a Motion to Dismiss on April 15, 2024.[5] Plaintiffs subsequently served Accord on April 22, 2024.[6]

In its Motion, Accord argues that dismissal is proper because Plaintiffs present no valid reason excusing their failure to serve and/or timely serve Accord such that an extension of time nunc pro tunc is warranted. Plaintiffs oppose.[7]

---

[2] Rec. Doc. 29.
[3] *Id.* at 3.
[4] Rec. Doc. 278 at 2.
[5] Rec. Doc. 272.
[6] Rec. Doc. 278 at 2.
[7] Rec. Docs. 278.

2

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[8] Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service.

The burden is on the plaintiff to show good cause as to why service was not effected timely,[9] and the plaintiff must demonstrate "'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"[10] "In addition, courts normally require 'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified . . . .'"[11] Nonetheless, the Court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause.[12]

---

[8] Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981).
[9] McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993).
[10] Gartin v. Par Pharm. Cos. Inc., 289 F. App'x 688, 692 (5th Cir. 2008) (quoting Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995)).
[11] *Id.*
[12] *See* FED. R. CIV. P. 4(m); Newby v. Enron Corp., 284 F. App'x 146, 149 (5th Cir. 2008).

If, however, the claims being dismissed without prejudice for failure to comply with Rule 4(m) would likely be time-barred by the applicable statute of limitations upon refiling, the dismissal should be treated as a dismissal with prejudice under Federal Rule of Civil Procedure 41(b).[13] A dismissal with prejudice under Rule 41(b) requires a "clear record of delay or contumacious conduct by the plaintiff," and a finding that "lesser sanctions would not serve the best interest of justice."[14]

## LAW AND ANALYSIS

Accord argues that dismissal is warranted because Plaintiffs waited months—and in some cases, more than a year—to serve Accord, yet Plaintiffs offer zero justification for doing so.

In response, Plaintiffs do not attempt to show good cause for their failure to timely serve Accord. Rather, Plaintiffs vaguely assert that they failed to serve Accord due to "inadvertent error."[15] As such, Plaintiffs have failed to satisfy their burden, and the Court need only consider whether to exercise its discretion to extend the time for service.[16]

Plaintiffs contend that this Court should extend the time for service because Accord has suffered no harm from the delay in service of Plaintiffs' Complaints and point out that Accord is the only Defendant (of apparently many who were not properly and/or timely served) that chose to file a Motion

---

[13] Millan v. USAA Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008) (citing Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)).

[14] Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006).

[15] Rec. Docs. 278 at 2.

[16] No party argues that Plaintiffs' claims would be time-barred by the relevant statute of limitations such that the heightened standard for dismissals with prejudice should apply. *See Millan*, 546 F.3d at 325.

to Dismiss. Of course, while prejudice may be relevant, it is not Accord's burden to show prejudice. And, the fact that Plaintiffs failed to serve other Defendants, yet only Accord filed a Motion to Dismiss, is not a mitigating circumstance. Moreover, the fact that this Court has previously exercised its discretion to extend the time for service in this MDL is not dispositive here, as Plaintiffs suggest.

Nevertheless, Plaintiffs allege, and Accord does not dispute, that Plaintiffs have otherwise participated in litigation by completing and submitting their Plaintiff Fact Sheets, and Plaintiffs ultimately served Accord. Moreover, the delays at issue here are not as egregious as the delays[17] or other oversights[18] at issue in the cases cited to by Accord. And, this MDL is in its relative infancy, as discovery is ongoing. As such, the Court finds it appropriate to extend the time for service nunc pro tunc.

The Court notes, however, that pursuant to its recent Order, Plaintiffs were granted a brief extension of time to serve Defendants, and no further extensions will be granted after this period.

---

[17] *See Newby*, 284 F. App'x. at 150–51 (affirming dismissal where plaintiffs failed to serve defendants for over 1,000 days and then waited an additional 126 days after receiving direct notice of defects in service).

[18] *See* Pugh v. Bank of Am., No. 16-14766, 2017 WL 1427015, at *3 (E.D. La. Apr. 21, 2017) (vacating default judgment and dismissing case where plaintiffs never effected proper service).

## **CONCLUSION**

For the foregoing reasons, Accord's Motion to Dismiss (Rec. Doc. 272) is **DENIED.**

New Orleans, Louisiana this 14th day of November, 2024.

_____
 **JANE TRICHE MILAZZO**
 **UNITED STATES DISTRICT JUDGE**