**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) EYE INJURY PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL No. 22-3023 <br><br> SECTION: "H" (5) |
| This document relates to: Cases identified in Appendix "A" | ) ) ) | |

## ORDER

On February 27 and 28, 2025, Defendants Accord Healthcare, Inc. ("Accord") and Sandoz, Inc. ("Sandoz") separately filed motions for summary judgment, arguing that Plaintiffs' claims were barred by federal preemption. Both Accord and Sandoz manufacture versions of the chemotherapy drug docetaxel and obtained FDA approval through the § 505(b)(2) regulatory pathway in 2011.

On January 16, 2026, this Court issued an Order and Reasons granting Accord's and Sandoz's motions for summary judgment ("Sandoz and Accord Order").[1] In doing so, the Court applied the framework established by the Fifth Circuit in *Hickey v. Hospira, Inc.* for determining whether state-law claims against manufacturers whose drugs were approved through the § 505(b)(2) pathway are preempted by federal law.[2] Under *Hickey*, such claims are not preempted if, *after* the drug's initial approval, the manufacturer possessed "newly acquired information" revealing "risks of a different type or greater

---

[1] Sandoz and Accord did not originally identify specific plaintiffs in their Motions; however, based on the Sandoz and Accord Order, on January 28, 2026, Accord and Sandoz moved for entry of judgment in their favor and dismissal of Plaintiffs' claims with prejudice. Doc. 598. On March 6, 2026, this Court granted Accord and Sandoz's motion and dismissed Plaintiffs' claims against Accord and Sandoz. Doc. 606.

[2] Doc. 598 (citing Hickey v. Hospira, 102 F.4th 748, 750 (5th Cir. 2024)). As the Fifth Circuit clarified, the parties agreed that it is "common practice" to "refer to this provision and its counterparts—§§ 505(b)(2) and (j)—by their location in the FDCA rather than their location in the United States Code." *See Hickey*, 102 F.4th at 750 n.1.

severity or frequency" than those reflected in the "publicly available scientific literature" that existed before approval.[3] In other words, a court must compare the published scientific literature that existed before approval with the information that became available to a defendant-manufacturer after approval, and generally only the latter may qualify as "newly acquired information."[4] Applying that framework, this Court found that Accord and Sandoz did not possess "newly acquired information" after their drugs were approved in 2011 and accordingly held that Plaintiffs' claims against them were preempted.

On March 10, 2026, Hospira Worldwide, LLC; Hospira, Inc. (collectively, "Hospira"), and Pfizer, Inc. ("Pfizer") filed an unopposed motion for summary judgment on the same grounds.[5] Like Accord and Sandoz, Hospira and Pfizer manufacture docetaxel products approved under § 505(b)(2). Hospira's drug was approved in 2011, and Pfizer's in 2013. They argued that the reasoning of the Sandoz and Accord Order applied equally to them because they relied on the same regulatory pathway and materially identical post-approval information. On March 18, 2026, this Court granted Hospira and Pfizer's motion.[6]

On April 15, 2026, Actavis LLC f/k/a Actavis, Inc.; Actavis Pharma, Inc.; and Sagent Pharmaceuticals (collectively, "the Actavis Defendants") filed the instant Motion for Summary Judgment on Preemption (Doc. 624). The Actavis

---

[3] *Hickey*, 102 F. 4th at 756.

[4] The *Hickey* court reasoned that while § 505(b)(2) permitted the defendants to rely on the brand-name manufacturer Sanofi's "safety and efficacy data when seeking approval," it was undisputed that those defendants "did not have a 'right of reference' to that data during the relevant time period." *Id.* at 755 (citing 21 U.S.C. § 355(b)(2)). Further, it was also undisputed that those defendants "did not have access to Sanofi's adverse event reports during the relevant timeframe." *Id.* As such, the publicly available literature would have been the only information that the defendants would have been "aware of and responsive to." *Id.* at 756.

[5] Doc. 607. Plaintiffs informed the Court that they did not intend to oppose Hospira's Motion.

[6] Doc. 609.

Defendants' docetaxel product was approved in 2013 under § 505(b)(2). The Actavis Defendants raise the same argument previously asserted by Hospira and Pfizer: that the Court's reasoning in the Sandoz and Accord Order applies equally because the governing legal framework, regulatory pathway, and post-approval information are materially identical. Plaintiffs filed no opposition.

Considering the arguments asserted in the Actavis Defendants' Motion for Summary Judgment, and for the reasons set forth in this Court's January 16, 2026 Order and Reasons, **IT IS ORDERED** that the Actavis Defendants' Motion for Summary Judgment is **GRANTED**. The claims of Plaintiffs identified in Appendix "A" attached to this Order against the Actavis Defendants are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 19th day of May, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

# Appendix A

**Appendix A – Cases Naming Actavis LLC f/k/a Actavis, Inc., Actavis Pharma, Inc. and/or Sagent Pharmaceuticals[1]**

| Plaintiff Name | Docket Number |
|---|---|
| Ellen Beasley | 2:22-cv-00585 |
| Leola Carmona | 2:22-cv-00773 |
| Diane Debiasi | 2:22-cv-02707 |
| Jeanne LaForge | 2:22-cv-04464 |
| Karen McMeans | 2:22-cv-01869 |
| Rhonda Micco | 2:22-cv-02263 |
| Shirley Webb | 2:23-cv-00938 |
| Janet Oakley | 2:23-cv-01822 |
| Dawn Porco | 2:23-cv-00118 |
| Mary Tarrant | 2:24-cv-00849 |
| Marilyn Robinson | 2:24-cv-01958 |
| Carole Beaver | 2:25-cv-02081 |

---

[1] Identified on the respective individual case dockets as Sagent Pharmaceuticals, "Sagent Pharmaceuticals, Inc", or "Sagent Pharmaceuticals, Inc."